Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Lynn Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN HYATT, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| STUDENT ASSISTANCE CORPORATION, | |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

STEVEN HYATT ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against STUDENT ASSISTANCE CORPORATION ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Irvington, New Jersey 07111.

6.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.     Defendant is a lender with its principal mailing address located at P.O. Box 9570 Wilkes Barre, Pennsylvania 18773.

8.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.    Plaintiff has a cellular telephone number that he has had for over a year.

11.    Plaintiff has only used this number as a cellular telephone number.

12.    The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13.    Beginning in or around mid to late May 2015, and continuing through June 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14.    Defendant's calls originated from the numbers including, but not limited to, (765) 637-0782. The undersigned as confirmed that this number belongs to Defendant.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Defendant's automated messages would begin with a five (5) to ten (10) second delay before Plaintiff would be transferred to a live representative.

17. During initial communication and subsequent conversations thereafter, Defendant would offer its student loan services, at which point, Plaintiff would decline and request any and all future calls to his cellular telephone to cease.

18. Defendant acknowledged Defendant's revocation stating, "Ok, Thank you" then hanging up.

19. Nonetheless, Defendant ignored Plaintiff's formal revocation, and continued to call.

20. Defendant's telephone calls were not made for "emergency purposes."

21. Despite the above, Defendant persisted in calling Plaintiff on his cellular telephone for several months.

### DEFENDANT VIOLATED THE
### TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff after he revoked consent were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, STEVEN HYATT, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, STEVEN HYATT, demands a jury trial in this

case.

## **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

                                                Respectfully submitted,

Dated: July 3, 2015                By: /s/ Amy Lynn Bennecoff Ginsburg
                                          Amy Lynn Bennecoff Ginsburg, Esquire
                                          Kimmel & Silverman, P.C.
                                          1930 East Marlton Pike, Suite Q29
                                          Cherry Hill, NJ 08003
                                          Phone: (856) 429-8334
                                          Facsimile: (877) 788-2864
                                          Email: aginsburg@creditlaw.com